Case 1:08-cv-01460   Document 1   Filed 03/11/2008   Page 1 of 11

JUDGE LEINENWEBER
MAGISTRATE JUDGE DENLOW

FILED
MARCH 11, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 1460

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KEVIN CRAWFORD,** | |
| Plaintiff, | No. |
| v. | |
| **ECOLAB INC.,** | **Jury Trial Requested** |
| Defendant. | |

## COMPLAINT

NOW COMES Plaintiff, KEVIN CRAWFORD, by his counsel, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, ECOLAB INC., states as follows:

### PRELIMINARY STATEMENT

1.  This action seeks redress for the violation of rights guaranteed to Plaintiff by the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 <u>et seq</u> and by the laws of the State of Illinois. Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress Defendant's discriminatory employment practices.

### JURISDICTIONAL STATEMENT

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 29 U.S.C. § 621 <u>et seq</u>. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. With respect to Plaintiff's state law claim, this Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

### VENUE

3.  Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

## PARTIES

4. Plaintiff, KEVIN CRAWFORD, is a forty-seven (47) year-old citizen of the United States who resides in Illinois.

5. Defendant, ECOLAB INC., is a corporation properly recognized and sanctioned by the laws of the State of Minnesota. At all times relevant hereto, Defendant has conducted, and continues to conduct, business in the State of Illinois. Defendant is an employer for the purposes of 29 U.S.C. § 630(b) as Defendant has continuously and does now employ more than twenty (20) employees and is engaged in an industry that affects commerce.

## PROCEDURE

6. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on February 20, 2008. The EEOC issued Plaintiff a Notice of Right to Sue on February 29, 2008, which Plaintiff received on March 3, 2008. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff has initiated this action within said ninety (90) day period.

## COUNT I – RETALIATORY DISCHARGE

7. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8. Plaintiff began working for Defendant as a Fleet Driver in August 1996.

9. Throughout the entirety of his employment with Defendant, Plaintiff has performed to Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's longevity of employment, bonuses, and raises.

10. In approximately 2005, Defendant, following a change in management, assigned

Plaintiff to drive tanker-trucks.

11. Federal law limits the maximum number of hours a truck driver can operate their vehicles to:

> a. 60 hours in any period of 7 consecutive days if the employing motor carrier does not operate commercial motor vehicles every day of the week; or
>
> b. 70 hours in any period of 8 consecutive days if the employing motor carrier operates commercial motor vehicles every day of the week.

12. Despite this limitation, beginning with Plaintiff's assignment to tanker trucks, Defendant required Plaintiff to operate vehicles approximately eighty (80) to ninety (90) hours per week, substantially in excess of the federal maximums.

13. Due to Defendant's excessive scheduling of routes, Plaintiff complained to Defendant's management, including but not limited to Vicki James, Dispatcher, and Eric Topa, Supervisor, of the unlawful practices.

14. Rather than address his complaints, Defendant's supervisory employees dismissed Plaintiff's reports by telling Plaintiff that they did not want to hear such information.

15. Further, following his complaints, Defendant would retaliate against Plaintiff by assigning him shorter, less profitable loads that allowed Plaintiff to only work approximately fifty (50) hours per week.

16. Due to Defendant's requirement that Plaintiff work in excess of the federal limitations, Plaintiff began to experience significant medical problems, including but not limited to exhaustion, high blood pressure, and sleep deprivation.

17. Shortly after the onset of these medical conditions, Plaintiff again complained to Dispatcher James of the illegal practices and resulting effects on his health, to no avail.

18. As Defendant failed to take any action to rectify the unsafe environment, in April 2007 Plaintiff experienced an accident due to the excessive hours he was required to work.

19. Following the accident, Plaintiff reported to Defendant's management that symptoms arising from the excessive hours contributed to the accident.

20. Once again, rather than address his reports and rectify the unsafe environment, Defendant retaliated against Plaintiff by transferring him from his trucking duties to the position of Bulk Loader.

21. Following the transfer to the Bulk Loader position, despite his over eleven (11) years of tenure, Defendant removed all of Plaintiff's seniority, allowing Plaintiff's less experienced and less tenured co-workers to receive preferential scheduling of shifts and better assignments.

22. Further, in December 2007, Defendant eliminated all of Plaintiff's overtime opportunities, substantially reducing Plaintiff's annual earnings.

23. Defendant further disciplined Plaintiff in a manner not afforded to his similarly situated co-workers who did not make reports of an unsafe work environment.

24. In February 2008, Defendant terminated Plaintiff's employment for the purported reason of failing to properly seal a chemical tank.

25. In contrast to Defendant's assertion, the customer to whom the product was delivered to signed a bill of lading certifying that the product was properly sealed and delivered.

26. Further, Defendant did not terminate the employment of Plaintiff's similarly situated co-worker Dave Billingsley who did not make reports of an unsafe work environment, in spite of Billingsley also having responsibility for ensuring that the tank was properly sealed prior to its delivery to the customer.

27. Any reasons proffered by Defendant for terminating Plaintiff's employment are

pretext for retaliating against Plaintiff because of his complaints of workplace safety.

28. Defendant's wrongful termination of Plaintiff's employment violated the public policy of the State of Illinois, as Plaintiff's actions furthered the protection of the safety of Illinois citizens who have been subject to unsafe truck drivers.

29. As a direct and proximate result of Defendant's unlawful termination of Plaintiff's employment, Plaintiff has suffered actual losses of his salary, as well as emotional harm.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KEVIN CRAWFORD, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to be a violation of rights guaranteed to Plaintiff pursuant to appropriate state law;

B. Order Defendant to make whole Plaintiff by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

C. Grant Plaintiff compensatory, punitive, and any other damages that the Court may deem appropriate; and

D. Grant Plaintiff such further relief as the Court deems necessary and proper under the applicable law and in the public interest.

### COUNT II – ADEA - AGE DISCRIMINATION

30. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

31. Plaintiff began working for Defendant as a Fleet Driver in August 1996.

32. Throughout the entirety of his employment with Defendant, Plaintiff has performed to Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without

limitation, Plaintiff's longevity of employment, bonuses, and raises.

33. In April 2007, after eleven (11) years as a Fleet Driver, Defendant transferred Plaintiff into the position of Bulk Loader.

34. Beginning with his assignment to the Bulk Loader position, Defendant has discriminated against Plaintiff on the basis of his age by holding him to a higher standard in the terms and conditions of his employment than his similarly situated younger co-workers, including but not limited to Glen Gard, approximately age 35; Tony Miller, approximately age 32; Ron Fischer, approximately age 35, and Dave Billingsley, approximately age 32.  Examples of such disparate treatment follow.

35. Since the April 2007 transfer, Defendant has created a discriminatory work environment for Plaintiff resulting in a deterioration of the terms and conditions of his employment as compared to his younger co-workers.

36. Following the transfer, despite his over eleven (11) years of tenure with Defendant, Defendant removed all of Plaintiff's seniority, allowing Plaintiff's younger, less experienced, and less tenured co-workers to receive preferential scheduling of shifts and better assignments.

37. Further, in December 2007, Defendant eliminated all of Plaintiff's overtime opportunities, substantially reducing Plaintiff's annual earnings.  In contrast, Plaintiff's similarly situated younger co-workers, including Glen Gard, received significant overtime opportunities.

38. Defendant has further disciplined Plaintiff in a manner not afforded to his similarly situated younger co-workers.

39. In February 2008, Defendant terminated Plaintiff's employment for the purported reason of failing to properly seal a chemical tank.

40. In contrast to Defendant's assertion, the customer to whom the product was delivered

to signed a bill of lading certifying that the product was properly sealed and delivered.

    41.    Further, Defendant did not terminate the employment of Plaintiff's similarly situated younger co-worker Dave Billingsley, who also had responsibility for ensuring that the tank was properly sealed prior to its delivery to the customer.

    42.    On information and belief, following the termination of Plaintiff's employment, Defendant assigned Plaintiff's responsibilities to a younger employee.

    43.    Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for discriminating against Plaintiff on the basis of his age, forty-seven (47).

    44.    The aforementioned acts and omissions of Defendant constitute unlawful and willful discrimination against Plaintiff on the basis of his age, forty-seven (47), in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq.

    45.    As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KEVIN CRAWFORD, prays for judgment against Defendant and respectfully requests that this Court:

    A.    Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

    B.    Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice, which unlawfully discriminates on the basis of age;

    C.    Order Defendant to make whole KEVIN CRAWFORD by providing the affirmative

        relief necessary to eradicate the effects of Defendant's unlawful practices;

D.     Grant Plaintiff actual, consequential, liquidated and any other damages that the Court may deem appropriate against Defendant;

E.     Order Defendant to pay lost, foregone, and future wages to KEVIN CRAWFORD;

F.     Grant Plaintiff his attorney's fees, costs, disbursements; and

G.     Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

### COUNT III – ADEA - RETALIATION

46.     Paragraphs one (1) through nine (9) are incorporated by reference as if fully set out herein.

47.     In April 2007, after eleven (11) years as a Fleet Driver, Defendant transferred Plaintiff into the position of Bulk Loader.

48.     Beginning with his assignment to the Bulk Loader position, Defendant has discriminated against Plaintiff on the basis of his age by holding him to a higher standard in the terms and conditions of his employment than his similarly situated younger co-workers, including but not limited to Glen Gard, approximately age 35; Tony Miller, approximately age 32; Ron Fischer, approximately age 35, and Dave Billingsley, approximately age 32.  Examples of such disparate treatment follow.

49.     Since the April 2007 transfer, Defendant has created a discriminatory work environment for Plaintiff resulting in a deterioration of the terms and conditions of his employment as compared to his younger co-workers.

50.     Following the transfer, despite his over eleven (11) years of tenure with Defendant, Defendant removed all of Plaintiff's seniority, allowing Plaintiff's younger, less experienced, and

less tenured co-workers to receive preferential scheduling of shifts and better assignments.

51. Plaintiff met with Mary Kelly, Human Resources Director, in December 2007 to complain about the disparate treatment afforded to Plaintiff in comparison to his similarly situated younger co-workers, including Glen Gard, approximately age thirty-five (35), who received more seniority, better shifts, and substantially more overtime hours.

52. Plaintiff engaged in statutorily protected conduct under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq., based on his opposition to and reporting of Defendant's discriminatory conduct directed against him because of his age.

53. Despite Plaintiff's specific complaints, Defendant took no substantive action to rectify the discriminatory environment.

54. Shortly following his complaints of disparate treatment, Defendant began to retaliate against Plaintiff for his protected activity.

55. Following his December 2007 complaints, Defendant eliminated all of Plaintiff's overtime opportunities, substantially reducing Plaintiff's annual earnings.

56. Defendant further disciplined Plaintiff in a manner not afforded to his similarly situated co-workers who did not engage in statutorily protected activity.

57. In February 2008, Defendant terminated Plaintiff's employment for the purported reason of failing to properly seal a chemical tank.

58. In contrast to Defendant's assertion, the customer to whom the product was delivered to signed a bill of lading certifying that the product was properly sealed and delivered.

59. Further, Defendant did not terminate the employment of Plaintiff's similarly situated co-worker Dave Billingsley who did not engage in protected activity, despite Billingsley also having responsibility for ensuring that the tank was properly sealed prior to its delivery to the customer.

9

60. On information and belief, similarly situated employees who did not engage in statutorily protected activity were not subjected to the adverse actions directed against Plaintiff.

61. Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for retaliating against Plaintiff because of his complaints of age discrimination.

62. The aforementioned acts and omissions of Defendant constitute retaliation against Plaintiff based on his opposition to the creation of a discriminatory work environment, in violation of the provisions of the ADEA, as amended, 29 U.S.C. § 621 et seq.

63. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KEVIN CRAWFORD, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which retaliates against an individual for complaining of an unlawful employment practice;

C. Order Defendant to make whole KEVIN CRAWFORD by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Order Defendant to pay lost, foregone, and future wages to KEVIN CRAWFORD;

E. Grant Plaintiff actual, consequential, compensatory, liquidated and any other

      damages the Court may deem appropriate against Defendant;

F.      Grant Plaintiff his attorney fees, costs, disbursements; and

G.      Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

64.    Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

                              Respectfully submitted,
                              KEVIN CRAWFORD, Plaintiff,


                              By:  s/Lisa Kane
                                   Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.
Attorney for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

JUDGE LEINENWEBER Case 1:08-cv-01460 Document 1-2 Filed 03/11/2008 Page 1 of 1
MAGISTRATE JUDGE DENLOW
EEOC Form 161-B (3/98)

08 C 1460

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Kevin Crawford<br>112 Pfaff Dr.<br>Frankfort, IL 60423 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

CERTIFIED MAIL 7099 3400 0018 8815 6728

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-03198 | Zelma Gonzalez,<br>Investigator Support Asst | (312) 886-4821 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_John P. Rowe_ 2/29/08

John P. Rowe,
District Director

(Date Mailed)

Enclosures(s)

cc: **ECOLAB**

RECEIVED MAR - 3 2008

LCW

### Verification

I, KEVIN CRAWFORD, declare under penalty of perjury that the foregoing is true and correct.

Executed on March 10, 2008.

*[signature]*
KEVIN CRAWFORD

LCW