# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **KEVIN CRAWFORD,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  08C1460** |
| | ) | **Judge Harry D. Leinenweber** |
| **ECOLAB INC.,** | ) | **Magistrate Judge Morton Denlow** |
| | ) | |
| **DEFENDANT.** | ) | |

### DEFENDANT ECOLAB, INC.'S ANSWER AND
### AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Ecolab, Inc. ("Ecolab"), by its attorneys, Jackson Lewis LLP, hereby answers the Complaint of Plaintiff Kevin Crawford ("plaintiff") as follows:

### PRELIMINARY STATEMENT

**PARAGRAPH NO. 1:**

This action seeks redress for the violation of rights guaranteed to Plaintiff by the Age Discrimination in Employment Act of 1967 ("ADEA") as amended, 29 U.S.C. § 621 et seq. and by the laws of the State of Illinois.  Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress Defendant's discriminatory employment practices.

**ANSWER:**  Ecolab admits that plaintiff's complaint seeks redress under the ADEA and Illinois law, but denies plaintiff is entitled to such relief.  Ecolab admits that plaintiff seeks mandatory injunctive relief, declaratory relief and damages, but denies plaintiff is entitled to such relief.  Ecolab denies that it violated the ADEA or engaged in any discriminatory employment practices with respect to plaintiff.  Ecolab denies any and all remaining allegations of Paragraph No. 1.

## JURISDICTIONAL STATEMENT

**PARAGRAPH NO. 2:**

      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 29 U.S.C. § 621 et seq.  Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.  With respect to Plaintiff's state law claim, this Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

**ANSWER:**    Ecolab admits plaintiff asserts jurisdiction and seeks declaratory relief under the

named statutes, but denies jurisdiction is proper over all claims and denies plaintiff is entitled to

declaratory relief.  Ecolab denies the remaining allegations of Paragraph No. 2.

## VENUE

**PARAGRAPH NO. 3:**

      Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

**ANSWER:**    Ecolab does not contest that venue in this judicial district is appropriate.

## PARTIES

**PARAGRAPH NO. 4:**

      Plaintiff, KEVIN CRAWFORD, is a forty-seven (47) year old citizen of the United States who resides in Illinois.

**ANSWER:**    Ecolab admits that plaintiff's personnel records reflect that he is forty-seven (47)

years old and a citizen of the United States who resides in Illinois.  Ecolab is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph

No. 4.

**PARAGRAPH NO. 5:**

      Defendant, Ecolab Inc., is a corporation properly recognized and sanctioned by the laws of the State of Minnesota.  At all times relevant hereto, Defendant has conducted, and continues to conduct, business in the State of Illinois.  Defendant is an employer for the purposes of 29 U.S.C. § 630(b) as Defendant has continuously and does now employ more than twenty (20) employees and is engaged in an industry that affects commerce.

**ANSWER:**    Ecolab admits that it is a Delaware corporation which conducts business in the state of Illinois.  Ecolab further admits that it has more than twenty employees.  Ecolab denies any and all remaining allegations of Paragraph No. 5.

**PROCEDURE**

**PARAGRAPH NO. 6:**

Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on February 20, 2008.  The EEOC issued Plaintiff a Notice to Right to Sue on February 29, 2008, which Plaintiff received on March 3, 2008.  The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice.  Plaintiff has initiated this action within said ninety (90) day period.

**ANSWER:**    Ecolab admits that plaintiff filed a Charge of Discrimination with the EEOC on February 20, 2008, that the EEOC issued a Notice of Right To Sue on February 29, 2008 requiring plaintiff to initiate a civil action within ninety days, and that plaintiff initiated this action on March 11, 2008.  Ecolab is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph No. 6.

**COUNT I – RETALIATORY DISCHARGE**

**PARAGRAPH NO. 7:**

Paragraph one (1) through six (6) are incorporated by reference as if fully set out herein.

**ANSWER:**    Ecolab realleges and reaffirms its answers to Paragraphs Nos. 1 through 6 as its answer to Paragraph No. 7 as if fully set out herein.

**PARAGRAPH NO. 8 :**

Plaintiff began working for Defendant as a Fleet Driver in August 1996.

**ANSWER:**    Ecolab admits the allegations of Paragraph No. 8.

**PARAGRAPH NO. 9 :**

      Throughout the entirety of his employment with Defendant, Plaintiff has performed to Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's longevity of employment, bonuses, and raises.

**ANSWER:**    Ecolab denies the allegations of Paragraph No. 9.

**PARAGRAPH NO. 10:**

      In approximately 2005, Defendant, following a change in management, assigned Plaintiff to drive tanker-trucks.

**ANSWER:**    Ecolab admits that during the course of his employment, plaintiff was assigned to drive tanker trucks.  Ecolab denies any and all remaining allegations of Paragraph No. 10.

**PARAGRAPH NO. 11:**

      Federal law limits the maximum number of hours a truck driver can operate their vehicles to:

    a.  60 hours in any period of 7 consecutive days if the employing motor carrier does not operate commercial motor vehicles every day of the week; or

    b.  70 hours in any period of 8 consecutive days if the employing motor carrier operates commercial motor vehicles every day of the week.

**ANSWER:**    Ecolab admits that the number of hours a truck driver can operate their vehicles is governed by 49 C.F.R. § 395.3 and that those regulations speak for themselves.  To the extent Plaintiff's allegations of Paragraph No. 11 differ from the federal driving regulations, Ecolab denies them.  Ecolab further denies that it violated any regulations relative to the operation of vehicles.

**PARAGRAPH NO. 12:**

      Despite this limitation, beginning with Plaintiff's assignment to tanker trucks, Defendant required Plaintiff to operate vehicles approximately eighty (80) to ninety (90) hours per week, substantially in excess of the federal maximums.

**ANSWER:**     Ecolab denies the allegations of Paragraph No. 12.

**PARAGRAPH NO. 13:**

Due to Defendant's excessive scheduling of routes, Plaintiff complained to Defendant's management, including but not limited to Vicki James, Dispatcher, and Eric Topia, Supervisor, of the unlawful practices.

**ANSWER:**     Ecolab denies the allegations of Paragraph No. 13.

**PARAGRAPH NO. 14:**

Rather than address his complaints, Defendant's supervisory employees dismissed Plaintiff's reports by telling Plaintiff that they did not want to hear such information.

**ANSWER:**     Ecolab denies the allegations of Paragraph No. 14.

**PARAGRAPH NO. 15:**

Further, following his complaints, Defendant would retaliate against Plaintiff by assigning him shorter, less profitable loads that allowed Plaintiff to only work approximately fifty (50) hours per week.

**ANSWER:**     Ecolab denies the allegations of Paragraph No. 15.

**PARAGRAPH NO. 16:**

Due to Defendant's requirements that Plaintiff work in excess of the federal limitations, Plaintiff began to experience significant medical problems, including but not limited to exhaustion, high blood pressure, and sleep deprivation.

**ANSWER:**     Ecolab denies the allegations of Paragraph No. 16.

**PARAGRAPH NO. 17:**

Shortly after the onset of these medical conditions, Plaintiff again complained to Dispatcher James of the illegal practices and resulting effects on his health, to no avail.

**ANSWER:**     Ecolab denies the allegations of Paragraph No. 17.

**PARAGRAPH NO. 18:**

As Defendant failed to take any action to rectify the unsafe environment, in April 2007 Plaintiff experienced an accident due to the excessive hours he was required to work.

**ANSWER:**     Ecolab admits in April 2007 plaintiff experienced an accident.  Ecolab denies any

and all remaining allegations of Paragraph No. 18.

**PARAGRAPH NO. 19:**

     Following the accident, Plaintiff reported to Defendant's management that
symptoms arising from the excessive hours contributed to the accident.

**ANSWER:**     Ecolab denies the allegations of Paragraph No. 19.

**PARAGRAPH NO. 20:**

     Once again, rather than address his reports and rectify the unsafe environment,
Defendant retaliated against Plaintiff by transferring him from his trucking duties to the position
of Bulk Loader.

**ANSWER:**     Ecolab admits that plaintiff was reassigned to the position of Bulk Loader during

his employment.  Ecolab denies any and all remaining allegations of Paragraph No. 20.

**PARAGRAPH NO. 21:**

     Following the transfer to the Bulk Loader position, despite his over eleven (11)
years of tenure, Defendant removed all of Plaintiff's seniority, allowing Plaintiff's less
experienced and less tenured co-workers to receive preferential scheduling of shifts and better
assignments.

**ANSWER:**     Ecolab denies the allegations of Paragraph No. 21.

**PARAGRAPH NO. 22:**

     Further, in December 2007, Defendant eliminated all of Plaintiff's overtime
opportunities, substantially reducing Plaintiff's annual earnings.

**ANSWER:**     Ecolab denies the allegations of Paragraph No. 22.

**PARAGRAPH NO. 23:**

     Defendant further disciplined Plaintiff in a manner not afforded to his similarly
situated co-workers who did not make reports of an unsafe work environment.

**ANSWER:**     Ecolab denies the allegations of Paragraph No. 23.

**PARAGRAPH NO. 24:**

     In February 2008, Defendant terminated Plaintiff's employment for the purported
reason of failing to properly seal a chemical tank.

**ANSWER:**     Ecolab admits that it terminated plaintiff in February 2008.  Ecolab denies any and all remaining allegations of Paragraph No. 24.

**PARAGRAPH NO. 25:**

In contrast to Defendant's assertion, the customer to whom the product was delivered to signed a bill of lading certifying that the product was properly sealed and delivered.

**ANSWER:**     Ecolab denies the allegations of Paragraph No. 25.

**PARAGRAPH NO. 26:**

Further, Defendant did not terminate the employment of Plaintiff's similarly situated co-worker Dave Billingsley who did not make reports of an unsafe work environment, in spite of Billingsley also having responsibility for ensuring that the tank was properly sealed prior to its delivery to the customer.

**ANSWER:**     Ecolab admits that it did not terminate the employment of Dave Billingsley and admits that Dave Billingsley had some responsibility to ensure tanks are properly sealed prior to delivery to the customer, but denies that Mr. Billingsley was similarly situated to plaintiff. Ecolab denies any and all remaining allegations of Paragraph No. 26.

**PARAGRAPH NO. 27 :**

Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for retaliating against Plaintiff because of his complaints of workplace safety.

**ANSWER:**     Ecolab denies the allegations of Paragraph No. 27.

**PARAGRAPH NO. 28:**

Defendant's wrongful termination of Plaintiff's employment violated the public policy of the State of Illinois, as Plaintiff's actions furthered the protection of the safety of Illinois citizens who have been subject to unsafe truck drivers.

**ANSWER:**     Ecolab denies the allegations of Paragraph No. 28.

**PARAGRAPH NO. 29:**

As a direct and proximate result of Defendant's unlawful termination of Plaintiff's employment, Plaintiff has suffered actual losses of his salary, as well as emotional harm.

**ANSWER:**     Ecolab denies the allegations of Paragraph No. 29.

## COUNT II – ADEA – AGE DISCRIMINATION

**PARAGRAPH NO. 30:**

Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

**ANSWER:**    Ecolab realleges and reaffirms its answers to Paragraphs Nos. 1 through 6 as its answer to Paragraph No. 30 and as if fully set out herein.

**PARAGRAPH NO. 31:**

Plaintiff began working for Defendant as a Fleet Driver in August 1996.

**ANSWER:**    Ecolab admits the allegations of Paragraph No. 31.

**PARAGRAPH NO. 32:**

Throughout the entirety of his employment with Defendant, Plaintiff has performed to Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's longevity of employment, bonuses, and raises.

**ANSWER:**    Ecolab denies the allegations of Paragraph No. 32.

**PARAGRAPH NO. 33:**

In April 2007, after eleven (11) years as a Fleet Driver, Defendant transferred Plaintiff into the position of Bulk Loader.

**ANSWER:**    Ecolab admits that plaintiff was reassigned to the position of Bulk Loader in approximately April 2007 and that he began working for Ecolab in 1996.  Ecolab denies any and all remaining allegations of Paragraph No. 33.

**PARAGRAPH NO. 34:**

Beginning with his assignment to the Bulk Loader position, Defendant has discriminated against Plaintiff on the basis of his age by holding him to a higher standard in the terms and conditions of his employment than has similarly situated younger co-workers, including but not limited to Glen Gard, approximately age 35; Tony Miller, approximately age 32; Ron Fischer, approximately age 35, and Dave Billingsley, approximately age 32.  Examples of such disparate treatment follow.

**ANSWER:**    Ecolab denies the allegations of Paragraph No. 34.

**PARAGRAPH NO. 35:**

Since the April 2007 transfer, Defendant has created a discriminatory work environment for Plaintiff resulting in a deterioration of the terms and conditions of his employment as compared to his younger co-workers.

**ANSWER:**    Ecolab denies the allegations of Paragraph No. 35.

**PARAGRAPH NO. 36:**

Following the transfer, despite his over eleven (11) years of tenure with Defendant, Defendant removed all of Plaintiff's seniority, allowing Plaintiff's younger, less experienced, and less tenured co-workers to receive preferential scheduling of shifts and better assignments.

**ANSWER:**    Ecolab denies the allegations of Paragraph No. 36.

**PARAGRAPH NO. 37:**

Further, in December 2007, Defendant eliminated all of Plaintiff's overtime opportunities, substantially reducing Plaintiff's annual earnings.  In contrast, Plaintiff's similarly situated younger co-workers, including Glen Gard, received significant overtime opportunities.

**ANSWER:**    Ecolab denies the allegations of Paragraph No. 37.

**PARAGRAPH NO. 38:**

Defendant has further disciplined Plaintiff in a manner not afforded to his similarly situated younger co-workers.

**ANSWER:**    Ecolab denies the allegations of Paragraph No. 38.

**PARAGRAPH NO. 39:**

In February 2008, Defendant terminated Plaintiff's employment for the purported reason of failing to properly seal a chemical tank.

**ANSWER:**    Ecolab admits that it terminated plaintiff in February 2008.  Ecolab denies any and all remaining allegations of Paragraph No. 39.

**PARAGRAPH NO. 40:**

In contrast to Defendant's assertion, the customer to whom the product was delivered to signed a bill of lading certifying that the product was properly sealed and delivered.

**ANSWER:**    Ecolab denies the allegations of Paragraph No. 40.

**PARAGRAPH NO. 41:**

   Further, Defendant did not terminate the employment of Plaintiff's similarly situated younger co-worker Dave Billingsley, who also had responsibility for ensuring that the tank was properly sealed prior to its delivery to the customer.

**ANSWER:**    Ecolab admits that it did not terminate the employment of Dave Billingsley and admits that Dave Billingsley had some responsibility to ensure tanks are properly sealed prior to delivery to the customer, but denies that Mr. Billingsley was similarly situated to plaintiff. Ecolab denies any and all remaining allegations of Paragraph No. 41.

**PARAGRAPH NO. 42:**

   On information and belief, following the termination of Plaintiff's employment, Defendant assigned Plaintiff's responsibilities to a younger employee.

**ANSWER:**    Ecolab denies the allegations of Paragraph No. 42.

**PARAGRAPH NO. 43:**

   Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for discriminating against Plaintiff on the basis of his age, forty-seven (47).

**ANSWER:**    Ecolab denies the allegations of Paragraph No. 43.

**PARAGRAPH NO. 44:**

   The aforementioned acts and omissions of Defendant constitute unlawful and willful discrimination against Plaintiff on the basis of his age, forty-seven (47), in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq.

**ANSWER:**    Ecolab denies the allegations of Paragraph No. 44.

**PARAGRAPH NO. 45:**

   As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

**ANSWER:**    Ecolab denies the allegations of Paragraph No. 45.

## COUNT III – ADEA – RETALIATION

**PARAGRAPH NO. 46:**

Paragraphs one (1) through nine (9) are incorporated by reference as if fully set out herein.

**ANSWER:**    Ecolab realleges and reaffirms its answers to Paragraphs Nos. 1 through 9 as its answer to Paragraph No. 46 and as if fully set out herein.

**PARAGRAPH NO. 47:**

In April 2007, after eleven (11) years as a Fleet Driver, Defendant transferred Plaintiff into the position of Bulk Loader.

**ANSWER:**    Ecolab admits that plaintiff was reassigned to the position of Bulk Loader in approximately April 2007 and that he began working at Ecolab in 1996.  Ecolab denies any and all remaining allegations of Paragraph No. 47.

**PARAGRAPH NO. 48 :**

Beginning with his assignment to the Bulk Loader position, Defendant has discriminated against Plaintiff on the basis of his age by holding him to a higher standard in the terms and conditions of his employment than his similarly situated younger co-workers, including but not limited to Glen Gard, approximately age 35; Tony Miller, approximately age 32; Ron Fischer, approximately age 35, and Dave Billingsley, approximately age 32.  Examples of such disparate treatment follow.

**ANSWER:**    Ecolab denies the allegations of Paragraph No. 48.

**PARAGRAPH NO. 49:**

Since the April 2007 transfer, Defendant has created a discriminatory work environment for Plaintiff resulting in a deterioration of the terms and conditions of his employment as compared to his younger co-workers.

**ANSWER:**    Ecolab denies the allegations of Paragraph No. 49.

**PARAGRAPH NO. 50:**

Following the transfer, despite his over eleven (11) years of tenure with Defendant, Defendant removed all of Plaintiff's seniority, allowing Plaintiff's younger, less experienced, and less tenured co-workers to receive preferential scheduling of shifts and better assignments.

**ANSWER:**     Ecolab denies the allegations of Paragraph No. 50.

**PARAGRAPH NO. 51:**

Plaintiff met with Mary Kelly, Human Resources Director, in December 2007 to complain about the disparate treatment afforded to Plaintiff in comparison to his similarly situated younger co-workers, including Glen Gard, approximately age thirty-five (35), who received more seniority, better shifts and substantially more overtime hours.

**ANSWER:**     Ecolab admits that plaintiff met with Mary Kelly, Human Resources Director, in

or about December 2007. Ecolab denies any and all remaining allegations of Paragraph No. 51.

**PARAGRAPH NO. 52:**

Plaintiff engaged in statutorily protected conduct under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq., based on his opposition to and reporting of Defendant's discriminatory conduct directed against him because of his age.

**ANSWER:**     Ecolab denies the allegations of Paragraph No. 52.

**PARAGRAPH NO. 53:**

Despite Plaintiff's specific complaints, Defendant took no substantive action to rectify the discriminatory environment.

**ANSWER:**     Ecolab denies the allegations of Paragraph No. 53 and further denies there was a

discriminatory environment at Ecolab to rectify.

**PARAGRAPH NO. 54:**

Shortly following his complaints of disparate treatment, Defendant began to retaliate against Plaintiff for his protected activity.

**ANSWER:**     Ecolab denies the allegations of Paragraph No. 54.

**PARAGRAPH NO. 55:**

Following his December 2007 complaints, Defendant eliminated all of Plaintiff's overtime opportunities, substantially reducing Plaintiff's annual earnings.

**ANSWER:**     Ecolab denies the allegations of Paragraph No. 55.

**PARAGRAPH NO. 56:**

Defendant further disciplined Plaintiff in a manner not afforded to his similarly situated co-workers who did not engage in statutorily protected activity.

**ANSWER:**     Ecolab denies the allegations of Paragraph No. 56.

**PARAGRAPH NO. 57:**

In February 2008, Defendant terminated Plaintiff's employment for the purported reason of failing to properly seal a chemical tank.

**ANSWER:**     Ecolab admits that it terminated plaintiff in February 2008.  Ecolab denies any and all remaining allegations of Paragraph No. 57.

**PARAGRAPH NO. 58:**

In contrast to Defendant's assertion, the customer to whom the product was delivered to signed a bill a lading certifying that the product was properly sealed and delivered.

**ANSWER:**     Ecolab denies the allegations of Paragraph No. 58.

**PARAGRAPH NO. 59:**

Further, Defendant did not terminate the employment of Plaintiff's similarly situated co-worker Dave Billingsley who did not engage in protected activity, despite Billingsley also having responsibility for ensuring that the tank was properly sealed prior to its delivery to the customer.

**ANSWER:**     Ecolab admits that it did not terminate the employment of Dave Billingsley and admits that Dave Billingsley had some responsibility to ensure tanks are properly sealed prior to delivery to the customer, but denies that Mr. Billingsley was similarly situated to plaintiff. Ecolab denies any and all remaining allegations of Paragraph No. 59.

**PARAGRAPH NO. 60:**

On information and belief, similarly situated employees who did not engage in statutorily protected activity were not subjected to the adverse actions directed against Plaintiff.

**ANSWER:**     Ecolab denies the allegations of Paragraph No. 60.

**PARAGRAPH NO. 61:**

Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for retaliating against Plaintiff because of his complaints of age discrimination.

**ANSWER:**     Ecolab denies the allegations of Paragraph No. 61.

**PARAGRAPH NO. 62:**

The aforementioned acts and omissions of Defendant constitute retaliation against Plaintiff based on his opposition to the creation of a discriminatory work environment, in violation of the provisions of the ADEA, as amended, 29 U.S.C. § 621 et seq.

**ANSWER:**    Ecolab denies the allegations of Paragraph No. 62.

**PARAGRAPH NO. 63:**

As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

**ANSWER:**    Ecolab denies the allegations of Paragraph No. 63.

<strong><u>AFFIRMATIVE DEFENSES</u></strong>

For its affirmative defenses to plaintiff's Complaint, Ecolab alleges:

1.    Plaintiff has failed to exhaust his administrative remedies by failing to allow the EEOC 180 days to process his charge 29 C.F.R. § 1601.28.

2.    To the extent plaintiff's claims are based upon acts occurring more than 300 days before he filed his charge of discrimination with the EEOC, such allegations are time-barred.

3.    Plaintiff's claims are barred, in whole or in part, by his failure to take reasonable steps to mitigate his damages.

4.    Ecolab engaged in good faith efforts to comply with the ADEA and, therefore, cannot be held liable for punitive or liquidated damages.

5.    Any claim plaintiff makes for damages in the form of backpay and benefits are barred by plaintiff's failure to diligently seek other employment or to otherwise mitigate his damages.

6.      Assuming, *arguendo*, that plaintiff is able to establish that his age played any part in any decisions of which he complains in the Complaint, Ecolab would have made the same decisions even in the absence of any unlawful consideration.

7.      There were legitimate, non-discriminatory reasons for all employment decisions made by Ecolab regarding plaintiff.  Plaintiff's age was not a motivating, determing or substantial fact in any of Ecolab's employment decisions as to plaintiff.

8.      Ecolab has not engaged in any willful violation of the ADEA and therefore, cannot be liable for liquidating damages under the ADEA.

9.      Ecolab reserves the right to add affirmative defenses which may become known during this action.

DATED:      April 22, 2008                  Ecolab, Inc.


By:      ___/s/ Nadine C. Abrahams_____
         One of Its Attorneys

Nadine C. Abrahams
Hallie Diethelm Caldarone
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610
Tel: (312) 787-4949

## CERTIFICATE OF SERVICE

I, Nadine C. Abrahams, an attorney, certify that on this 22nd day of April, 2008, a true and correct copy of the foregoing Defendant Ecolab, Inc.'s Answer and Affirmative Defenses To Plaintiff's Complaint was served via the CM/ECF system of the United States District Court for the Northern District of Illinois and via First-Class mail, on counsel of record as follows:

Lisa Kane & Associates, P.C.
120 South LaSalle Street
Suite 1420
Chicago, Illinois  60603

By:    ___/s/ Nadine C. Abrahams_____
One of Its Attorneys