UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN CRAWFORD, | ) |
|       PLAINTIFF, | ) |
| v. | ) Case No.: 08C1460 |
| | ) Judge Harry D. Leinenweber |
| ECOLAB INC., | ) Magistrate Judge Morton Denlow |
|       DEFENDANT. | ) |

## DEFENDANT'S MOTION FOR ENTRY OF AGREED PROTECTIVE ORDER

Defendant Ecolab, Inc. ("Ecolab"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, moves this Court to enter the attached Agreed Protective Order for the purpose of maintaining the confidentiality of certain business records and personnel documents. The parties agreed to the terms of the attached Agreed Protective Order on or about August 4, 2008.

DATED:    August 5, 2008                                    Ecolab, Inc.


                                    By:    ___/s/ Hallie Diethelm Caldarone_____
                                           One of Its Attorneys

Nadine C. Abrahams
Hallie Diethelm Caldarone
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610
Tel: (312) 787-4949

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2008 I electronically filed the foregoing Defendant's Motion For Agreed Protective Order with the Clerk of the Court using the CM/ECF system which sent notification of such filings to the following:

Lisa Kane
Lisa Kane & Associates, P.C.
120 S. LaSalle Street
Suite 1420
Chicago, IL 60603

/s/ Hallie Diethelm Caldarone
Hallie Diethelm Caldarone

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN CRAWFORD, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Case No.: 08C1460 |
| v. ) | Judge Harry D. Leinenweber |
| ) | Magistrate Judge Morton Denlow |
| ECOLAB INC., ) | |
| ) | |
| DEFENDANT. ) | |

## AGREED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, with respect to the confidentiality of certain records received in discovery in this action by Plaintiff Kevin Crawford ("Crawford") and Defendant Ecolab Inc. ("Ecolab"), and upon the stipulation of the undersigned parties,

IT IS HEREBY ORDERED:

1. This Order shall be applicable to and govern the handling of all disclosures, documents (whether paper or electronic), interrogatory responses, admissions, affidavits, declarations, testimony and other information, including all copies, excerpts, and summaries thereof ("Discovery Materials") designated as "Confidential" ("Confidential Material") produced, given or filed during discovery and other proceedings in this action, and shall also refer to the information contained in such Confidential Material.

2. In designating Material as "Confidential," a party to this action, and any non-party from whom discovery is sought in connection with this action ("Production Party"), shall make such a designation only as to the Materials that the Producing Party in good faith believes constitutes or contains the following: (a) personnel information of the current and former employees of Ecolab that are not parties to this action, including but not limited to, unlisted

home address and telephone number, compensation and benefits information, physical and mental health information, disciplinary records and evaluation records; (b) documents concerning Ecolab's trade secrets as defined by the Illinois Trade Secrets Act, confidential business information, customer information, vendor information, financial records, pricing and cost information and documents identifying Ecolab's business strategies; and (c) Crawford's physical and mental health information and tax or financial information.

3. "Confidential Material" shall be maintained in confidence by the party to whom such material is produced ("Receiving Party") and shall not be disclosed to any person except:

(a) Counsel for the respective parties (including their employees involved in the litigation of this matter as a normal and routine part of their work for Counsel for the respective parties) and the parties themselves (including current and former employees who are, or who were, directly involved in the litigation of this matter as a normal and routine part of their work);

(b) Confidential Material may be used in all pretrial discovery proceedings, such as depositions, and may be filed in Court, such as in support of or in opposition to summary judgment, or other motions without limitations other than those set forth in paragraph 8 or by order of Court;

(c) third parties specifically engaged by Counsel for the respective parties for the purpose of assisting in this litigation, provided that any such third party has signed an undertaking in the form of Exhibit A attached hereto, which undertaking shall be obtained and retained by the counsel who retained the third party until such time as it may be filed with the court; and

(d) mediators, facilitators, or others engaged specifically for the purpose of alternative dispute resolution in this matter.

4. Material produced without the designation of "Confidential" may be so designated subsequent to production when the Producing Party failed to make such designation at the time of production through inadvertence or error, provided correction occurs within twenty days of discovery of the inadvertence or error. If Material is designated as "Confidential" subsequent to production, the Receiving Party promptly shall collect any copies that have been provided to individuals other than those identified in paragraph 3 of this Order.

5.      Nothing herein shall prohibit either party from seeking an Order that re-designates Discovery Materials to remove "Confidential" treatment; or that otherwise affects the treatment of Discovery Materials.

6.      Other than as provided in paragraph 4 above, no designation of "Confidential" shall be effective unless such material is marked "Confidential."

7.      All Discovery Material designated as "Confidential" shall be used solely for the prosecution or defense of the claims in this action and shall not be used for other legal actions or for any business, commercial, competitive, personal or other purpose, except in response to a court order, order of an administrative tribunal, subpoena, or search warrant.  The parties will notify each other of receipt of such orders, subpoenas, or warrant prior to producing the documents.

8.      Only documents containing the following types of Confidential Materials should be filed with the Court under seal (upon leave of court as required): social security numbers; physical and mental health information; confidential business information; and trade secrets as defined by the Illinois Trade Secrets Act.  However, such documents can be filed under normal Court procedures if the Confidential Material listed in paragraph 8 has been redacted or otherwise removed from the document.

9.      The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that:

    (a)     was, is, or became public knowledge in a manner other than by violation of this Order;

    (b)     is acquired from a third party having the right to disclose such information or material; or

    (c)     was lawfully possessed prior to the entry by the Court of this Order.

10. Nothing herein shall prohibit any party or any interested member of the public from seeking an Order that designated discovery material is not entitled to "Confidential" treatment, or that otherwise affects the treatment of discovery material. Should a party or interested member of the public challenge the propriety of designating particular information as "Confidential," the burden shall be on the party that designated the material as "Confidential" to establish the grounds for confidential treatment of that particular information.

11. If a party desires to use Confidential Material at trial, it will notify all other parties two weeks before the pretrial conference, so the parties may request an order from the Court governing the use of such Confidential Material at trial.

12. Upon conclusion of the litigation in this case, the Receiving Party of Confidential Material shall return or destroy all originals and copies of the Confidential Material in their possession, custody or control to the Producing Party (including any Discovery Materials contemplated under Paragraph 3(d)). If such Confidential Material is destroyed, Receiving Party shall certify its destruction to the Producing Party.

13. This Agreed Protective Order shall have no evidentiary value and shall not be admissible into evidence.

14. Any person violating this Agreed Protective Order will be subject to appropriate sanctions.

| For Plaintiff: | For Defendant: |
|---|---|
| By: /s/ Lisa Kane | By: /s/ Hallie Diethelm Caldarone |
| Lisa Kane<br>Lisa Kane & Associates P.C.<br>120 S. LaSalle Street, Suite 1420<br>Chicago, Illinois 60603<br>Tel: 312.606.0383<br>Fax: 312.606.0765 | Nadine C. Abrahams<br>Hallie Diethelm Caldarone<br>Jackson Lewis, LLP<br>320 West Ohio Street, Suite 500<br>Chicago, Illinois 60654<br>Tel: 312.787.4949<br>Fax: 312.787.4995 |

ENTERED:

Dated: August ___, 2008

_____

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN CRAWFORD, )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>ECOLAB INC., )<br>)<br>DEFENDANT. ) | Case No.: 08C1460<br>Judge Harry D. Leinenweber<br>Magistrate Judge Morton Denlow |

### EXHIBIT "A"

I, _____, have read and understand the terms of the Protective Order prepared in this action. I understand and agree to be bound by the terms of the order. I also understand that I may not take possession of said documents at any time unless authorized by an attorney for one of the parties and that I may not make copies of said documents. I understand that any violation of the terms of said order as determined by this Court shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

Dated:_____        By:_____

                                                                              Name:_____

                                                                              Company:_____

Subscribed and sworn to before me
This __ day of _____

_____
Notary Public